**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ANTHONY STELLA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 1:17-cv-01591-MPT |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| STATE OF DELAWARE, | ) | |
| DEPARTMENT OF EDUCATION; | ) | |
| *et al*, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' PARTIAL MOTION TO DISMISS COUNT IV
OF PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW, Plaintiff Anthony Stella ("Plaintiff"), by and through his undersigned

counsel, and hereby moves this Court for an order denying Defendants' Partial Motion to Dismiss

Count IV of Plaintiff's First Amended Complaint.  In support of this Opposition, Plaintiff

respectfully states the following:

**ARGUMENT**

**I.      STANDARD OF REVIEW**

1.      When a Court is evaluating a motion to dismiss under Federal Rule of Civil

Procedure 12(b)(6) the Court is required to accept as true all material allegations of the complaint.

*Spruill v. Gillis,* 372 F.3d 218, 223 (3d Cir. 2004).  Accordingly, a Court may only grant such a

motion to dismiss after, "accepting all well-pleaded allegations in the complaint as true and

viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v.*

*Aetna, Inc.,* 221 F.3d 472, 481-82 (3d Cir. 2000). "A claim is facially plausible 'when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged.'" *Banner v. Dep't of Health and Soc. Servs. Div. for the Visually*

1

*Impaired,* 2015 U.S. Dist. LEXIS 99928 (D. Del. July 30, 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A complaint should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the Plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." *Trump Hotels & Casino Resorts v. Mirage Resorts*, 140 F.3d 478, 483 (3d Cir. 1998).

## II.   DEFENDANTS   VIOLATED   THE   STATE   CREATED   DANGER DOCTRINE

2.       Defendants seeks to dismiss Count IV of Plaintiff's First Amended Complaint (hereinafter "FAC") in which Plaintiff alleges a denial of substantive due process under the 14th Amendment to the United States Constitution as delineated by the "state-created danger" doctrine.

3.       Defendants' Motion to Dismiss makes dangerously conclusory statements that simply cannot be accepted as true at the 12 (b)(6) stage.  Presuming Plaintiff's injuries resulted wholly from his termination (Motion to Dismiss ¶¶ 15 and 16) and Plaintiff can prove no facts showing a causal connection to his damages (Motion to Dismiss ¶ 18) are leaps that cannot be made without taking discovery.

4.       The "state-created danger doctrine has become a staple of our constitutional law," *Bennett v. Phila.*, 499 F.3d 281, 287 (3d Cir. 2007), and is "widely recognized." *Sanford v. Stiles*, 456 F.3d 298, 304 (3d Cir. 2006).

5.       In order for a state actor to be held liable under the state-created danger theory of liability under Section 1983, a plaintiff must show:

- (1)     the harm ultimately caused was foreseeable and fairly direct;

- (2)     the state actor acted in willful disregard for the safety of the plaintiff;

- (3)     there existed some relationship between the state and the plaintiff; and

- (4)    the state actors used their authority to create an opportunity that otherwise would not have existed for the third-party's crime to occur.

*Kneipp v. Tedder*, 95 F.3d 1199, 1208 (3d Cir. 1996) (quoting *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1152 (3d Cir. 1995)).

6.    First, the harm cause must be fairly foreseeable and direct.  The "plaintiff must only allege an awareness on the part of the state actors that rises to the level of actual knowledge *or an awareness of risk* that is sufficiently concrete to put the actors on notice of the harm." *L.R. v. Sch. Dist. of Phila.*, 836 F.3d 235, 245 (3d Cir. 2016) (emphasis in original). As already explained in the FAC, Defendants were aware of the risks and harm that had been brought to their attention by numerous means, ranging from direct in person meetings to official government reports. Thus, Defendants were aware of the risks and the harm caused was both direct and foreseeable.

7.    Defendants' attempt to state that Plaintiff "was never in harm's way" is an egregious twisting of the facts.  Defendant is quoting from a statement Plaintiff made to a News Journal reporter in the heat of the moment, mere minutes after he was released from lockdown.

8.    Emotional distress, and its symptoms, both physical and mental, can manifest themselves days, weeks and months after an event.  Indeed, as stated in the FAC, Plaintiff has been diagnosed with Post Traumatic Stress Disorder as a result of the events of that day (FAC ¶ 40). Accordingly, the harm caused by Defendants to Plaintiff was foreseeable and direct as set forth in the FAC.  Defendants' argument regarding the extent of Plaintiff's harm and the specific causes and of his harm are speculative and premature at this stage without discovery.

9.    Second, Defendants acted in willful disregard for Plaintiff's safety. "The environment created by the state actors must be dangerous; they must know it to be dangerous; and . . . [they] must have been at least deliberately indifferent." *Johnson v. Dall. Indep. Sch. Dist.*,

38 F.3d 198, 201 (5th Cir. 1994).  Defendants had been aware since at least 2005, following the security breakdown at JVTCC which led to the abduction and rape of a prison counselor by an inmate, of the dangerous conditions inside the correctional center.  Defendants' awareness of the dangerous conditions inside JTVCC indicates a willful disregard for Plaintiff's safety.

10.     Third, Plaintiff was a foreseeable victim of Defendants' acts.  "The relationship that must be established between the state and the plaintiff can be 'merely' that the plaintiff was a foreseeable victim, individually or as a member of a distinct class." *Phillips of Cty. of Allegheny*, 515 F.3d 224, 242 (3d Cir. 2008). "Such a relationship may exist where the plaintiff was a member of a discrete class of persons subjected to the potential harm brought about by the state's actions." *Id.* There is "no principled distinction between a discrete plaintiff and a discrete class of plaintiffs. The ultimate test is one of foreseeability." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 914 (3d Cir. 1997).

11.     Defendants cite to *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902 (3d Cir. 1997), but Plaintiff's situation is vastly different from the Plaintiff in *Morse*.  The only similarity is that both plaintiffs were teachers.  Plaintiff in this matter taught culinary arts in a correctional center, a correctional center that was known to officials to be highly dangerous.  The Plaintiff in *Morse* taught at a daycare center and was killed when construction workers inadvertently left a door open allowing a mentally ill individual access to the daycare center.  The environment Plaintiff worked in was so dangerous that he was required to undergo Correctional Employee Initial ("CEIT") training before he was allowed to begin teaching in the correctional facilities (FAC ¶ 18).

12.     Here, Plaintiff was not some unforeseeable person who happened to stumble upon a prison takeover. *See Phillips*, 515 F.3d at 239 (a "distinction exists between harm that occurs to an identifiable or discrete individual under the circumstances and harm that occurs to a 'random'

individual with no connection to the harm-causing party.").  As explained in the FAC, Plaintiff

was a Department of Education employee responsible for teaching culinary arts to inmates,

working at JTVCC, a prison operated by Defendants.  Plaintiff came into contact every day of his

working life with inmates.  So, clearly, as a member of the class of employees working in direct

contact with inmates at JTVCC, Plaintiff was a foreseeable victim of Defendants' actions and

satisfies this third element. [1]

13.     Fourth, Defendants' used their authority to create an opportunity that otherwise

would not have existed for the third party's crime to occur.  Defendants can be liable if they "create

plaintiffs' peril, increase their risks of harm, or act to render them more vulnerable to" a danger.

*D.R. v. Middle Bucks Area Vocational Tech. Sch.*, 972 F.2d 1364, 1374 (3d Cir. 1992). "Liability

... is predicated upon the states' affirmative acts which work to plaintiffs' detriment in terms of

exposure to danger." *Id.*   The Third Circuit has acknowledged the "inherent difficulty in drawing

a line between an affirmative act and a failure to act.  Often times there is no clear line to draw;

virtually any action may be characterized as a failure to take some alternative action." *L.R. v. Sch.*

*Dist. of Phila.*, 836 F.3d 235, 242 (3d Cir. 2016).

14.     The 2005 Executive Task Force Report recommended, among many other things,

that, "The State must reduce the excessive amount of overtime that is currently being drawn upon

to compensate for the shortage of security personnel available to staff needed security positions

throughout DOC, and particularly at DCC."  (First Amended Complaint ¶ 51.) Defendants not only

ignored that recommendation, but they affirmatively enacted a policy to rely even more heavily

---

[1] Defendants' reliance on *Doe v. Methacton* is misplaced.  Plaintiff is not "simply a member of the greater public" as Defendants allege.  He was a Department of Education employee who worked in the Department of Correction facilities, but he was required to undergo Correctional Employee Initial Training due to the sensitive nature of the environment in which he would be working.  Furthermore, Defendants concede in their argument that any member of the public could hear the radio conversations of the correctional officers (FAC ¶19).  Yet, Plaintiff was terminated from his position with the Department of Education due to his conversation with a member of the media and subsequent Facebook post.

on overtime for its corrections officers in the years leading up to the February 2017 inmate takeover.

15.     By their actions, Defendants rendered Plaintiff more vulnerable to and increased the risk of harm he faced as an employee working in JTVCC.  Creation of these dangerous policies "create[d] a foreseeably dangerous situation," *Kaucher v. County of Bucks*, 455 F.3d 418, 432 (3d Cir. 2006), by "creat[ing] an opportunity that otherwise would not have existed for the third party's crime to occur." *Bright v. Westmoreland County*, 443 F.3d 276, 283 (3d Cir. 2006).

16.     Therefore, Plaintiff has satisfied all four prongs of the *Kneipp* test and Defendants can be held liable under the state-created danger theory of liability under Section 1983.

17.     Defendants attempt to make a qualified immunity argument on behalf of the individual DOC Defendants Coupe and Perry but make their argument only in a footnote. Arguments raised in a footnote are not preserved.  *See SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1320 (3d Cir. 2006).   In this Court, arguments made in a footnote are also disfavored.  *See Robocast, Inc. v. Apple Inc.*, 2014 U.S. Dist. LEXIS 79282, at *1 (D. Del. June 11, 2014).  Accordingly, Plaintiff contends Defendants' argument on qualified immunity is not preserved at this stage for a motion to dismiss set forth in a footnote, however, respectfully reserves the right to respond if this Court otherwise allows the Defendants to proceed on their qualified immunity argument.

## III.     PLANTIFF'S HARM IS NOT MERELY EMOTIONAL

18.     While Plaintiff is seeking to recover for his emotional distress, the harm done to him by the events of February 1, 2017, is not purely emotional.  Plaintiff has suffered great emotional harm as pled sufficiently in the First Amended Complaint (FAC ¶¶39 and 40).

However, Plaintiff is also suffering from diagnosed PTSD, which manifests itself in serious physical symptoms.

## **CONCLUSION**

For the reasons set forth above, Plaintiff respectfully requests the Court deny Defendants' Motion to Dismiss Count IV of Plaintiff's First Amended Complaint.

**LAW OFFICES OF**
**MICHELE D. ALLEN, LLC**

*/s/ Michele D. Allen*
Michele D. Allen (#4359)
Caitlyn E. Quinn (#6319)
724 Yorklyn Road, Suite 310
Wilmington, DE 19707
302-234-8600
302-234-8602 (fax)
michele@micheleallenlaw.com
*Attorneys for Plaintiff*

DATE: April 13, 2018