**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ANTHONY STELLA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 1:17-cv-01591-MPT |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| STATE OF DELAWARE, | ) | |
| DEPARTMENT OF EDUCATION, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS

Defendants, by and through the undersigned counsel, hereby file this reply in support of their Motion to Dismiss and in support thereof, state as follows:

### ARGUMENT

1. Plaintiff Anthony Stella ("Stella") claims that Defendants' assertion that he can plead no set of facts showing the necessary causal connection to his damages "are leaps that cannot be made without taking discovery." Plaintiff's Response in Opposition to Defendants' Partial Motion to Dismiss Count IV of Plaintiff's Amended Complaint ("Pl. Opp.") ¶ 3 (D.I. 30). To the contrary, to survive a Motion to Dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face*." Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal citation and quotation omitted). As argued in their Motion and further supported below, Stella has failed to state a "state-created danger" claim because he has not pled any facts showing that he was directly exposed to a danger, and his alleged resulting harm does not rise to a level sufficient to come within constitutional protection. Stella's alleged harm does not meet the "foreseeable and fairly direct" requirement of the Third Circuit's

*Kneipp* test, and therefore this claim must be dismissed. *See Kneipp v. Tedder*, 95 F.3d 1199, 1208 (3d Cir. 1996). The Court can and should conclude as a matter of law that Stella has not "plausibly alleged" a set of facts to support a necessary element of his constitutional claim. *See*, *e.g.*, *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 904 (3d Cir. 1997); *Henry v. City of Erie*, 728 F.3d 275, 285 (3d Cir. 2013) (dismissing state-created danger claim where the "fairly direct" requirement was not plausibly alleged in the complaint); *Carey v. Wilkes-Barre*, 410 Fed. Appx. 479, 483 (3d Cir. 2011) (dismissing state-created danger claim where injury was not "foreseeable and fairly direct.").[1]

2. The state-created danger doctrine is a "narrow exception to the general rule that the state has no duty to protect is citizens from private harms." *Henry*, 728 F.3d at 286. "State actors are not liable every time their actions set into motion a chain of events that result in harm." *Id.* at 283. "Not every interference with peace of mind is a deprivation of liberty within the meaning of the Constitution . . . . [t]he Constitution must not be trivialized." *Cameron v. I.R.S.*, 773 F.2d 126, 129 (7th Cir. 1985). Stella was located in an entirely separate building from the riot and was not a direct witness to the events that took place. Consistent with other courts who have addressed similar scenarios, this Court should decline to extend the Constitution to reach Stella's damages.

3. Assuming as true that Stella suffered emotional injuries including physical symptoms as a result of his exposure to the riot, this still falls short of stating a constitutional claim. The key consideration is the type of "danger" to which Stella was exposed—anything short of

---

[1] Stella asserts that the individual defendants waived their right to assert qualified immunity by making this argument in a footnote. Pl. Opp. ¶ 17. Defendants have not even filed an Answer with respect to the State-Created Danger Count, and are not at this stage required to take any action to preserve a qualified immunity defense. Defendants should raise such a defense as early as possible during the proceedings; however, defendants do not even necessarily waive such a defense when they fail to raise it in their Answer, as long as the plaintiff is not prejudiced in its ability to respond. *See Kleinknecht v. Gettysburg College*, 989 F.2d 1360, 1373 (3d Cir. 1993).

significant physical force is rarely, if ever, a substantive due process violation. *See*, *e.g.*, *Coon v. Ledbetter*, 780 F.2d 1158, 1160-61 (5th Cir. 1986) (wife who witnessed husband's shooting by police does not state state-created danger claim); *Abeyta By Martinez v. Chama Valley Indep. Sch. Dist.*, 77 F.3d 1253, 1257–58 (10th Cir. 1996) (extreme verbal abuse or psychological harassment, unless so extreme as to amount to torture, cannot serve as a basis for a substantive due process claim); *Niehus v. Liberio*, 973 F.2d 526, 533 (7th Cir. 1992) ("[e]ven bodily integrity is not protected completely; minor assaults and batteries are not actionable as deprivations of constitutional liberty"); *Pittsley v. Warish*, 927 F.2d 3, 9 (1st Cir. 1991) (fear or emotional injury resulting from verbal abuse or harassment generally insufficient to show deprivation of liberty interest in absence of physical injury or touching); *Bibbo v. Mulhern*, 621 F. Supp. 1018, 1025 (D. Mass. 1985) (being "humiliated, denigrated and frightened" in absence of physical force generally insufficient to implicate substantive due process).

4. In *Coon v. Ledbetter*, the Fifth Circuit Court of Appeals held that a wife did not suffer a personal loss required for constitutional claim where she was outside her home and witnessed a shoot-out between sheriffs and her husband (resulting in her husband's death). After he was shot, the plaintiff's husband staggered into his trailer where the shoot-out continued as he attempted to protect their four-year old daughter from gunfire. The wife was later treated for subsequent emotional injuries resulting from witnessing these events, but the court held that she did not have a substantive due process claim because she was not "directly involved in the shooting" and "[t]here was no evidence that any act of the deputies was directed toward [her]." 780 F.2d at 1161.

5. Stella has not alleged physical harm during the course of the riot. As he alleged, Stella was in an entirely separate building at the prison and his only exposure to the events were

via hostage negotiations he could overhear on the correctional officers' radios. *See* First Amended Complaint ("FAC") ¶¶ 23-29 (D.I. 18). Any resulting emotional harm, even if it includes physical symptoms, is not compensable by the state-created danger doctrine. Plaintiff's exposure to the danger falls far short of torture, extreme verbal abuse or psychological harassment necessary to overcome the general rule that emotional damages are not compensable under a substantive due process theory. *See Abeyta By Martinez*, 77 F.3d at 1257–58. As illustrated in the *Coon* case and others described above, someone not directly exposed to danger will not suffer the kind of damages sufficient to meet the standard. If a traumatized mother who witnessed her husband get shot and stumble into their home to shield their four-year old daughter during a police shoot-out did not suffer the necessary damages, Stella surely cannot.

      6.      Astoundingly, Stella asserts that Defendants engaged in an "egregious twisting of the facts" in their opening motion by quoting directly from his complaint that he "was never in harm's way" during the riot. Pl. Opp. ¶ 7. Stella's complaint (even portions other than the *News Journal* recitation) makes clear that he was on lockdown in a separate building. Stella's only exposure to the dangerous events taking place in Building C alleged was listening to radio communications. FAC ¶¶ 23-29. Stella does not have to allege that he was "never in harm's way" for the Court to conclude that he has not pled plausible facts to suggest otherwise. Being on lockdown and hearing these radio conversations were no doubt disturbing. Nevertheless, this type of remote exposure and accompanying emotional injury is far outside the scope of that intended for a constitutional state-created danger claim.

## CONCLUSION

7. As observed by the Third Circuit, facts supporting a typical state-created danger claim are "inescapably tragic." *Phillips v. County of Allegheny*, 515 F.3d 224, 224 (3d Cir. 2008). The successful plaintiff in virtually all cases has died or suffered severe physical injury. The profound grief felt throughout the Department of Corrections family over the riot and resulting injuries to fellow officers, including the death of Sergeant Floyd, cannot be understated. There were a great many present at James T. Vaughn Correctional Center during the riot, with varying levels of exposure to the tragic events. To elevate Stella's involvement to a due process claim is demeaning to the true victims and trivializes the Constitution. *See, e.g.*, *Cameron v. I.R.S.*, 773 F.2d at 129. The alleged facts do not come close to qualifying for the very narrow state-created danger exception.

**WHEREFORE**, the State-Created Danger Claim included in Plaintiff's First Amended Complaint should be dismissed with prejudice because Plaintiff has not plausibly alleged facts to support a claim under that doctrine.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ *Adria B. Martinelli*
Adria B. Martinelli (#4056)
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400

Date: May 4, 2018         *Attorney for Defendants*