**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| Anthony Stella, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 17-1591-<ins>MPT</ins><del>MEM</del> |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| State of Delaware Department of ) | (by Plaintiff) |
| Education, *et al.* ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' <ins>AMENDED</ins> ANSWER TO THE COMPLAINT**

The State of Delaware Department of Education, Secretary Susan Bunting, and Sandra Waldee-Warden, by and through the undersigned counsel, hereby answer the Complaint (D.I. 1) as follows:

**Introduction**

1. This paragraph states legal conclusions for which no response is required.

**Nature of the Action**

2. Admitted.

3. Denied.

4. This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed required, it is denied.

5. This paragraph states a legal conclusion for which no response is required. To the extent a response is deemed required, it is denied.

**Jurisdiction**

6. This paragraph states jurisdictional conclusions of law for which no response is required.

7. This paragraph states jurisdictional conclusions of law for which no response is required.

## Parties

8. Admitted that Plaintiff was an employee of Defendant State of Delaware Department of Education ("DOE") from January 4, 2016, until his termination on April 4, 2017. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

9. Admitted.

10. Denied as alleged. By way of further answer, Sandra Waldee-Warden is a DOE Prison Education Teacher/Supervisor who is assigned to the James T. Vaughn Correctional Center ("JTVCC").

11. Admitted.

## Facts

12. Admitted.

13. Admitted.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Plaintiff began CEIT training with Group 212. The remainder of the allegations in this paragraph are admitted.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff's work experience prior to his hire at DOE. Admitted that Plaintiff shadowed Rose Finocchiaro for two days as she taught ServSafe at two Correctional Facilities.

16. Denied as stated. By way of further answer, it is admitted that Plaintiff rotated every month at a different correctional institution. He worked for approximately three months at JTVCC, approximately two months at Sussex Correctional Institution, and approximately two months at Howard R. Young Correctional Institution.

17. Admitted.

18. Denied as stated. By way of further answer, it is admitted that students who passed with a score of 75% or higher became ServSafe certified. Plaintiff's students had a pass rate of 76% at the time of his termination.

19. Admitted.

20. Admitted.

21. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation in this paragraph.

22. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation in this paragraph.

23. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

24. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation in this paragraph.

25. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation in this paragraph.

26. This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed required, it is denied.

27. Admitted.

28.     The published article in *The News Journal* on February 1, 2017 speaks for itself.

29.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation in this paragraph.

30.     This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed required, it is denied.

31.     Denied as stated. By way of further answer, it is admitted that Plaintiff removed his Facebook post regarding the events at JTVCC after he was contacted by a coworker and his supervisor regarding the post.

32.     Denied as stated. By way of further answer, it is admitted that all DOE teachers who worked at the JTVCC were told to stay home on February 2, 2017 and then encouraged to report to Dover on February 3, 2017, to meet as a group or individually, with a counselor referred by the State's Employee Assistance Program. Beginning on February 6, 2017, they were assigned to Dover until they were permitted by the Department of Correction to return to the facility.

33.     Admitted.

34.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation in this paragraph.

35.     The March 15, 2017 letter speaks for itself.

36.     Denied.

37.     This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed required, it is denied.

38.     Admitted.

39.     Admitted.

40.     Admitted.

41. Admitted.

42. Admitted.

## CLAIMS AND DAMAGES

## COUNT 1

### Retaliation in Violation of First Amendment

43. The responses to Paragraphs 1 through 42 are incorporated by reference as if fully restated herein.

44. Denied as stated. By way of further answer, it is admitted that Plaintiff was an employee of Defendant State of Delaware Department of Education ("DOE") from January 4, 2016, until his termination on April 4, 2017.

45. This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed required, it is denied.

46. This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed required, it is denied.

47. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, it is denied. By way of further answer, the article in *The News Journal* speaks for itself. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in this paragraph.

48. This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed required, it is denied.

49. This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed required, it is denied.

50. Denied.

51. This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed required, it is denied.

52. Denied.

53. Defendants are without knowledge or information sufficient to form a belief as to the date Plaintiff published comments on Facebook. Admitted that an article was published in the News Journal on February 1, 2017, quoting Plaintiff regarding the incidents at JTVCC on the same day.

54. Admitted.

55. Admitted.

56. This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed required, it is denied.

57. This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed required, it is denied.

58. This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed required, it is denied.

## COUNT II

### Breach of Contract

59. The responses in Paragraphs 1 through 58 are incorporated by reference as if fully restated herein.

60. Admitted.

61. Denied.

62. Denied.

63. Denied.

64. This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed required, it is denied.

## COUNT III

### Breach of the Implied Covenant of Good Faith and Fair Dealing

65. The responses in Paragraphs 1 through 64 are incorporated by reference as if fully restated herein.

66. This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed required, it is denied.

67. Denied.

68. The reasons for Plaintiff's termination were provided in his termination letter dated April 4, 2017.

69. Denied.

70. This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed required, it is denied.

### Prayer for Relief

Denied that Plaintiff is entitled to relief of any kind.

### AFFIRMATIVE DEFENSES

1. Plaintiff's claims against Defendants are jurisdictionally barred in whole or in part by Eleventh Amendment sovereign immunity.

2. Plaintiff fails to state a cause of action upon which relief can be granted.

3. Plaintiff failed to exhaust his administrative remedies.

4. Plaintiff's claims are time-barred in whole or in part under the relevant statute of limitations.

5. Plaintiff has failed to mitigate his alleged damages.

6. Defendants reserve the right to assert additional defenses in the future to the extent warranted by discovery.

7. The claims, in whole or in part, are barred due to official or qualified immunity.

6.8. Answering Defendants are immune from liability to the Plaintiff under the Delaware State Tort Claims Act. 10 *Del. C*. §4001 et. seq.

**WHEREFORE**, Defendants respectfully request that the Complaint be dismissed with judgment entered on their behalf together with an award of costs and all other relief which the Court may deem just and proper.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

*/s/ Adria B. Martinelli*
Adria B. Martinelli (#4056)
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400

Date: September 12December 13, 20178                  ————*Attorney for Defendants*